IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRUTH ABOUT PROPOSITION #2, a Utah non-profit corporation; DR. BRUCE H. WOOLEY, an individual, WALTER J. PLUMB III, an individual, ARTHUR BROWN, an individual, and BRUCE F. RIGBY, an individual, on behalf of those similarly-situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPENCER J. COX, in his official capacity as Lieutenant Governor of Utah; CURTIS KOCH, in his official capacity as the County Clerk of Davis County, Utah; the STATE OF UTAH; and DOES 1-20, inclusive,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING *EX PARTE* MOTION TO SHORTEN TIME ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Case No. 2:18-cv-00702<br><br>Judge Clark Waddoups |

Before the court is Plaintiffs' *Ex Parte* Motion to Shorten Time on Plaintiffs' Motion for Preliminary Injunction, (ECF No. 16). For the reasons that follow, the court DENIES Plaintiffs' Motion.

Background

The Plaintiffs in this case are four individuals and a Utah non-profit corporation named "Truth About Proposition 2." (*See* ECF No. 2-4.) The four individuals are Bruce H. Wooley, Walter J. Plumb III, Arthur Brown, and Bruce F. Rigby. (*See* ECF No. 2-4.)

According to Plaintiffs, "[b]eginning in June, 2017, the Utah Patients Coalition filed an application for the Utah Medical Cannabis Act (UMCA) with the State of Utah Governor's Office and began collecting signatures for its certification by the Lieutenant Governor." (Am.

1

Compl. ¶ 16, ECF No. 2-4 at 5.) On May 17, 2018, the same four individual Plaintiffs in this case—Bruce H. Wooley, Walter J. Plumb, III, Arthur Brown, and Bruce F. Rigby—along with a Utah non-profit corporation called "Coalition for a Safe and Healthy Utah" filed a Complaint in the Third Judicial District Court in and for Salt Lake County, State of Utah in a separate case, entitled *Coalition for a Safe and Healthy Utah d/b/a Drug Safe Utah et al, v. Spencer J. Cox, in his official capacity as Lieutenant Governor of Utah.*; Case No. 180903350. (*See* ECF No. 2, Case No. 2:18-cv-405.) The defendants removed that case to federal court on May 24, 2018. (*See* ECF No. 2, Case No. 2:18-cv-405.) The court will refer to that case as the "*Coalition* case."

On May 29, 2018, Utah's Lieutenant Governor Cox certified an application for the Utah Medical Cannabis Act (UMCA) to appear on the State of Utah's November 2018 ballot as an initiative "to be submitted to the voters of Utah for their approval or rejection." (*See* ECF No. 8-3 at 2.) On June 15, 2018, the plaintiffs in the *Coalition* case filed a Second Amended Complaint "seek[ing] a judicial declaration that [UMCA] is unconstitutional and/or alternatively for emergency injunctive relief including a temporary restraining order, preliminary injunction and permanent injunction that orders the Lt. Governor to not permit the marijuana initiative to be placed on Utah's November 2018 ballot." (ECF No. 17 at 3, Case No. 2:18-cv-405.) On July 2, 2018, the plaintiffs in the *Coalition* case filed a Notice of Dismissal Without Prejudice. (ECF No. 30, 2:18-cv-405.)

On August 15, 2018, Plaintiffs in this case filed a complaint in the Third Judicial District in and for Salt Lake County, State of Utah. (ECF No. 2 at 2.) On August 23, 2018, Plaintiffs filed their First Amended Complaint seeking "a declaration finding that the UMCA is unconstitutional" and the issuance of "a preliminary injunction, followed by a permanent injunction, preventing the UMCA from appearing on the State of Utah November, 2018 ballot." (Am. Compl. ¶ 15, ECF No. 2-4 at 5.) The First Amended Complaint alleges violations of both

the United States Constitution and the Utah Constitution. (ECF No. 2-4 at 7–25.) "On September 5, 2018 Defendant Cox filed an Answer to Plaintiffs' First Amended Complaint in State Court." (ECF No. 2 at 2.)

On September 6, 2018, Defendant Cox filed a Notice of Removal, arguing that "this Court has original jurisdiction . . . of [this] action pursuant [to] 28 U.S.C. § 1331 . . . ." (ECF No. 2 at 2.) The case was assigned to Magistrate Judge Wells on that date. (*See* ECF No. 2.) On September 11, 2018, Defendant Cox and "Defendant State of Utah," filed an Answer to Plaintiffs' First Amended Complaint in this court. (ECF No. 9.)

On September 24, 2018, Defendant Cox and Defendant State of Utah filed a Motion for Judgment on the Pleadings. (ECF No. 14.) Defendants argued that because "Plaintiffs do not face any imminent harm from an initiative that has not been and may not be enacted," "Plaintiffs lack standing to challenge the initiative and their claims are not ripe for review, which means the Court lacks subject matter jurisdiction." (ECF No. 14 at 7.)

On October 3, 2018, Plaintiffs filed a Motion for Preliminary Injunction. (ECF No. 15.) They also filed an *Ex Parte* Motion to Shorten Time on Plaintiffs' Motion for Preliminary Injunction on that day. (ECF No. 16.) Plaintiffs moved the court, "pursuant to Federal Rule of Civil Procedure 6(c)(1)(C), Local Civil Rule DUCivR 7-1(b)3b, and the Court's inherent power to manage its docket," to shorten "the time for Defendants and Plaintiffs to file opposition and reply briefs to Plaintiffs' Motion for Preliminary Injunction to five (5) days from the filing . . . of [the] Motion" to Shorten. (ECF No. 16 at 2.) Plaintiffs argued that there was "good cause" to shorten the regular briefing schedule in order to prevent mail-in ballots containing Proposition 2—the ballot initiative at issue—from being distributed to voters. (*See* ECF No. 16 at 3.) Plaintiffs explained that "the State of Utah will begin circulating mail-in ballots containing . . .

Proposition 2 between October 8, 2018 and October 16, 2018," and argued that "[a] standard briefing period would mean that" their "motion for Preliminary Injunction will not have been heard until long after mail-in ballots have already been distributed to Utah voters, and only a few days before the November 6, 2018 election takes place." (ECF NO. 16 at 4.) Plaintiffs argued that if voters receive the mail-in ballots containing Proposition 2, there will be "confusion, judicial contempt and undue and unnecessary hardship among Utah's citizens . . . ." (ECF No. 16 at 4.)

On October 4, 2018, the Magistrate Judge entered an order reassigning the case. (*See* ECF No. 17.) The case was reassigned to this court on that date. (ECF No. 18.)

On October 4, 2014, Defendants filed an Opposition to Plaintiffs' Motion to Shorten. (ECF No. 19.) Defendants opposed Plaintiffs' Motion to Shorten "to the extent it seeks to shorten the time for Defendants to oppose the [Preliminary Injunction] Motion to five days." (ECF No. 19 at 2.) Defendants argued that Plaintiffs Motion to Shorten was "too late" for a number of reasons. (*See* ECF No. 19 at 2–3.) First, "[i]n compliance with federal law, ballots containing Proposition 2 were sent to members of the military two weeks ago." (ECF No. 19 at 2.) Second, Defendants argued that under the Plaintiffs' proposed expedited schedule, "all or virtually all the ballots would have been mailed out" before the court could issue a ruling. (*See* ECF No. 19 at 3.) Third, Defendants argued that "even if the Court issued the requested injunction early next week," "there would not be enough time to reprint the ballots without Proposition 2" and send them to voters "to meet the October 16 legal deadline" required under state law. (*See* ECF No. 19 at 3.) For these reasons, Defendants argued that the court "should deny Plaintiffs' *ex parte* motion and allow Defendants to file their opposition to the [Preliminary Injunction] Motion in 14 days, in accordance with the normal rule." (ECF No. 19 at 3.)

4

Analysis

Local Rule of Civil Procedure 7-1(b)(3)(B) provides, in relevant part: "A memorandum opposing any motion that is not a motion filed pursuant to Fed. R. Civ. P. 12(b), 12(c), and 56 must be filed within fourteen (14) days after service of the motion or within such time as allowed by the court." DUCivR 7-1(b)(3)(B). But, "[t]he court may order [a] shorter briefing period[] . . . ." DUCivR 7-1(b)(3)(B). Federal Rule of Civil Procedure 6(c)(1)(c) provides, in relevant part, that "[a] written motion and notice of the hearing must be served at least 14 days before the time specified for the hearing with the following [relevant] exception[]:" "when a court order—which a party may, for good cause, apply for ex parte—sets a different time." Fed. R. Civ. P. 6(c)(1)(C).

Plaintiffs argue that the court should exercise its discretion and order an expedited briefing schedule because there is good cause to do so. For the reasons that follow, the court finds no good cause exists and rejects Plaintiffs' request.

First, the court notes that the individual Plaintiffs in this case are the same individual plaintiffs who filed a complaint in the *Coalition* case. The individual Plaintiffs have been aware that UMCA would appear on the November 2018 ballot since May of 2018. Plaintiffs decided to file their Motion for Preliminary Injunction only days before the counties were required to send mail-in ballots to voters. The need for an expedited briefing schedule could have easily been avoided if the Plaintiffs had filed their Motion sooner. They did not. This alone justifies denying Plaintiffs' Motion to Shorten. The court nevertheless addresses two more reasons to deny Plaintiffs' Motion.

Second, the Defendants have persuaded the court that Plaintiffs' request is too late and would interfere with the November 6 election. Defendants have represented that ballots

containing Proposition 2 were already sent to members of the military two weeks ago. And they have represented that the counties would not have enough time to reprint and send the ballots if the court were to issue the requested injunction next week. The court has no reason to doubt that Defendants' representations are true. Again, if Plaintiffs wanted to prevent the mail-in ballots from being sent to voters, they should not have waited so long to file their Motion for Preliminary Injunction.

Third, the court notes that Defendants have filed a Motion for Judgment on the Pleadings in which they argue that the Plaintiffs lack standing to challenge the initiative. (*See* ECF No. 14 at 7.) The court has serious concerns about whether Plaintiffs have standing. An expedited briefing schedule would likely hinder the full development of this issue, as well as other important issues. This provides another reason to deny the Plaintiffs' Motion to Shorten.

## Conclusion

For these reasons, Plaintiffs' *Ex Parte* Motion to Shorten Time on Plaintiffs' Motion for Preliminary Injunction, (ECF No. 16) is DENIED. Defendants may file an opposition to Plaintiffs' Preliminary Injunction Motion within fourteen (14) days of service of the Motion. Dated this 5th day of October, 2018

BY THE COURT:

CLARK WADDOUPS
United States District Judge